```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
CARLOS DEL RIO,                                              :
                                                             :
                                Plaintiff,                   :      19-CV-3426 (OTW)
                                                             :
                -against-                                    :      OPINION & ORDER
                                                             :
257 SG PIZZA CORP., et al.,                                  :
                                                             :
                                Defendants.                  :
                                                             :
-------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

I. **Introduction**

After Plaintiff failed to appear for a court conference, the matter is before me for an award of attorneys' fees and costs to Defendant under Federal Rule of Civil Procedure ("Rule") 16(f).

II. **Background**

On December 3, 2020, I scheduled a pretrial conference in this action for January 21, 2021 at 3:00 pm. (ECF 67). On January 12, 2021, Defendants' counsel, Milo Silberstein, Esq. and Amanda Maguire, Esq. of Dealy Silberstein & Braverman, LLP, moved to withdraw because their client could no longer pay them. (ECF 68). Plaintiff opposed that motion. (ECF 69). I converted the previously-scheduled pre-trial conference to a hearing on the pending motion to withdraw and directed the parties to email my Chambers the names and phone numbers of those who would be appearing at the conference. (ECF 70). I also ordered that Defendant Giuseppe Graci appear at the conference. (ECF 70). On January 20, 2021, Defendants' counsel emailed my

Chambers, listing the attorneys, including Jiajing Fan[1], Plaintiff's counsel, and parties who would be on the line. Ms. Fan was copied on that email.

Mr. Silberstein, Ms. Maguire, and Mr. Graci timely appeared for the January 21, 2021 conference, but neither Ms. Fan nor anyone else from her firm, Hang & Associates PLLC appeared. *See* Transcript. A member of my Chambers staff called Plaintiff's counsel, but the call was not answered. Mr. Silberstein also emailed Plaintiff's counsel. See Tr. at 5. The Court and Defendants waited almost thirty minutes for Plaintiff's counsel to appear. On January 22, 2021, I ordered Plaintiff to show cause in writing why I should not dismiss the action for failure to prosecute and why I should not order Plaintiff to pay Defendants' costs and attorneys' fees in connection with the January 21, 2021 conference and cited Federal Rules of Civil Procedure 16(f), 37(b)(2)(A), 28 U.S.C. § 1927, and/or the Court's inherent authority. (ECF 71, the "Order to Show Cause").

Plaintiff, through counsel Ms. Fan, responded to the Order to Show Cause on January 22, 2021. (ECF 72). Plaintiff argued that due to a calendaring error, counsel believed that the conference was at 4:00 pm, not 3:00 pm. (ECF 72 at 1). Plaintiff also argued that counsel "was reviewing the document[s] for [the] conference and did not pay attention to emails and incoming phones [sic]." (ECF 72 at 1). Plaintiff further argued that no party was prejudiced by counsel's failure to appear because the purpose of the hearing was on the Defendants' counsel motion to withdraw. (ECF 72 at 2).

---

[1] According to Defendants, Ms. Fan is the attorney with whom Defendants primarily interact on the matter. Tr. at 5.

### III. Analysis

#### a. Failure to Prosecute

Given Plaintiff's prompt response to the Order to Show Cause, at this time, I decline to dismiss the case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

#### b. Rule 16(f) Sanctions

Rule 16(f) provides that if a party fails to obey a scheduling or pretrial order, or fails to appear at a scheduling or pretrial conference, or if the party's attorney is substantially unprepared to participate in the conference, a court may impose sanctions. Fed. R. Civ. P. 16(f)(1). Rule 16(f) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16(f)(2).

I find that Plaintiff must reimburse Defendant for the full fees and costs associated with the January 21, 2021 conference. Plaintiff's absence from the January 21, 2021 conference was not substantially justified nor would an award of expenses be unjust. *See Holmes v. NBC/GE*, 168 F.R.D. 481, 482 (S.D.N.Y. 1996) (awarding fees for plaintiff's counsel failure to appear at two pretrial conferences). Miscalendaring the conference times is and has never been substantial justification. Ms. Fan is also responsible for monitoring communications regarding her client and case. Plaintiff's argument that no party suffered prejudice is nonsensical given that he filed an opposition to the underlying motion. *See* ECF 69.

Upon review of Defendants' submitted fees and cost, I find that they are reasonable. Defendants' fees and costs for the January 21, 2021 status conference are $632.88 reflecting $585.00 in fees for Mr. Silberstein and Ms. Maguire and $47.88 for transcript costs. (ECF 77-1). Mr. Silberstein's rate of $475.00 per hour and Ms. Maguire's rate of $375.00 per hour are well within the range of rates approved in this District. *See, e.g. Tatintsian v. Vorotyntsev*, No. 16-CV-7203 (GHW), 2020 WL 2836718, at *5 (S.D.N.Y. June 1, 2020) (approving partner rates of $375, associate rates of $300, and paralegal rates of $150); *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 55 (S.D.N.Y. 2015) (approving partner rates of $675); *Broad. Music, Inc. v. Pamdh Enters., Inc.*, No. 13-cv-2255 (KMW), 2014 WL 2781846, at *7 (S.D.N.Y. June 19, 2014) (collecting cases awarding $400 to $735 per hour for partners). Both Mr. Silberstein and Ms. Maguire billed 0.6 hours to attending the January 21, 2021 conference, which was spent largely waiting for Ms. Fan to appear. Ms. Maguire additionally billed 0.2 hours to emails with Ms. Fan and the Court about appearances for the conference. The $47.88 cost for the transcript is also reasonable because I ordered that Defendants order the transcript of the hearing.

### IV. Conclusion

For the reasons stated above, Plaintiff's counsel is sanctioned under Rule 16(f) and shall reimburse Defendants for their attorneys' fees and costs associated with the January 21, 2021 conference. In the avoidance of all doubt, this Rule 16(f) sanction is imposed only on Plaintiff's counsel, not Plaintiff himself. Plaintiff's counsel is ordered to remit $632.88 to Defendants' counsel by April 20, 2021 and file proof of payment.

**SO ORDERED.**

Dated: April 6, 2021  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge