UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CARLOS DEL RIO,

                Plaintiff,                              19-CV-03426 (OTW)

          -against-                          **OPINION & ORDER**

257 SG PIZZA CORP., et al,

                Defendants.

-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff brings this action against SG Pizza Corp. ("SG Pizza"), Giuseppe Graci and Francisco "Doe" (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff alleges that pursuant to the FLSA, he is entitled to recover: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs. (ECF 1 ¶ 3.) Plaintiff also alleges that pursuant to the NYLL and NYCRR and New York common law, that he is entitled to recover: (1) unpaid minimum wages, (2) overtime compensation, (3) unpaid "Spread of Hours" premium, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (5) liquidated damages, (6) prejudgment and post-judgment interest, and (7) attorney's fees and costs. (ECF 1 ¶ 4.) Plaintiff and Defendants reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 58.) For the reasons below, the Court **DENIES** the request to

1

approve the settlement agreement and directs the parties to file a new *Cheeks* motion by April 30, 2022, as set forth below.

I.  Background

257 SG Pizza Corp. is an Italian style restaurant located at 257 7th Avenue, New York, NY 10001. (ECF 113 at 1). Plaintiff was employed by Defendants as a delivery worker. (*Id.*) Plaintiff alleged that he had also spent several hours each day performing other duties, such as washing dishes and stocking inventory, and that he worked as a "fill in" for any employee who was out. (ECF 1 ¶ 26.)

Plaintiff alleged that from on or about June 1, 2017 to on or about March 20, 2019, he worked five days per week for three weeks out of the month and one week worked four days per week. (ECF 113 at 1-2.) Plaintiff alleged that his daily schedule was from 10:00 am to around 10:30 pm each day without a break. (*Id.* at 2.) Accordingly, Plaintiff alleged that he worked twelve and one-half hours each day, or fifty-nine hours per week. (*Id.*)

Plaintiff alleges that he was paid $9.15 per hour through 2018 and was raised to $10.00 per hour beginning on or about January 1, 2018, until the end of his employment. (*Id.*) Plaintiff further alleged that he was paid for his first thirty-eight (38) hours of work via check at his hourly rate and the remaining hours paid in cash at the same rate.

II.  Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals

settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. Errors in Proposed Settlement Submission:

Plaintiff's counsel's submission is lacking and requires significant amendment. The Court notes the following errors:

- Plaintiff's counsel does not submit their calculation of their alleged maximum possible recovery under FLSA and NYLL, including liquidated damages.

- Although Plaintiff's counsel provides an explanation for fees charged by Jian Hang, Esq. and Yongjin Bae, Esq., they fail to provide any support for the fees associated with seven other attorneys (Leticia Ochoa, Lorena Duarte, Jiajing Fan, Zindzi Baugh Corbett, Maritza Yanes, Diana Seo, Ge Qu). (ECF 113 at 5, ECF 113-2).

- Plaintiff's counsel states that "[f]rom approximately two months in 2018" Plaintiff's schedule was increased, and Plaintiff began working seven days per week with the same schedule. (ECF 113 at 2). Accordingly, Plaintiff worked seventy-five hours per week "during that time." (*Id.*) This description is lacking. The Court cannot discern exactly when in 2018 Plaintiff's schedule changed and for how long it changed.

- The Court will not approve an agreement that requires that the Court retain jurisdiction. (ECF 113-1 at 5).

- The parties' proposed settlement agreement describes a settlement amount of **$8,5000.00**, not **$8,500.00**. (ECF 113-1 at 2).

### III. Conclusion

Because of the significant deficiencies in the parties' submission, the Court cannot find that the parties' proposed settlement agreement is fair and reasonable. The parties are directed to resubmit an amended proposed settlement agreement that cures the deficiencies highlighted herein, by April 30, 2022.

**SO ORDERED.**

Dated: April 6, 2022
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge