UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CARLOS DEL RIO,                            :
                                           :
                Plaintiff,       :    19-CV-3426 (OTW)
                                           :
            -against-                  :    **AMENDED ORDER**
                                           :
257 SG PIZZA CORP., et al.,                :
                                           :
                Defendants.      :
                                           :
                                           :
-----------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

ECF 118 included a clerical error. The Court amends ECF 118 to correct the error. **This Order supersedes ECF 118.**

Plaintiff Carlos Del Rio brought this action against 257 SG Pizza Corp. d/b/a Ciao Bella Restaurant Pizzeria, Giuseppe Graci, and Francisco "Doe" (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff alleged failure to pay minimum wage, overtime wages, spread of hours, failure to give a wage notice at time of hiring, and failure to provide paystubs. (ECF 116 at 1). Plaintiff and Defendants reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction to decide the motion in accordance with 28 U.S.C. § 636(c). (ECF 58). For the reasons below, the Court **APPROVES** the settlement agreement as fair and reasonable under *Cheeks*.

I. **Background**[1]

Plaintiff states that he was employed as a delivery driver by Defendants from June 1, 2017, to March 20, 2019. (ECF 116 at 2). Plaintiff alleges that during this time, he worked between fifty-nine and seventy-five hours per week and did not receive overtime premium for hours that he worked in excess of forty. (ECF 116 at 2). Plaintiff also alleges that Defendants disguised Plaintiff's actual duties in payroll records to avoid paying Plaintiff at the minimum wage rate and to enable paying Plaintiff at the lower tip-credit rate. (ECF 116 at 2). Following good faith settlement discussions and discovery, the parties reached a settlement in principle on all matters on January 13, 2022. (ECF 116 at 3).

II. **Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

---

[1] The following facts are as alleged in Plaintiff's complaint. (*See* ECF 1).

2

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

    a. **Range of Recovery**

Plaintiff alleges a maximum recovery amount of $28,717.15, excluding attorneys' fees and costs, and liquidated damages. (ECF 116 at 2). The proposed settlement amount is $8,500.00. (ECF 116 at 1). Of the total settlement amount, Plaintiff would receive $4,533.15, approximately 16% of his owed back wages, not including any liquidated damages or penalties. Courts in this district have approved settlement amounts within this range. *See, e.g.*, *Zorn-Hill v. A2B Taxi LLC*, No. 19-CV-1058 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving a settlement amount equal to 12.5% of the plaintiff's best-case scenario recovery); *Santos v. YMY Mgmt. Corp.*, No. 20-CV-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement agreement equal to 18% of Plaintiff's total alleged damages). Plaintiff's counsel would receive $3,966.85. (ECF 116 at 4). Given the risks of litigation as noted below, the Court finds this amount reasonable.

    b. **Burden and Risks of Litigation**

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that would be risks to the parties if they were to proceed with litigation. (ECF 116 at 4). Plaintiff acknowledges that there are risks associated with proving his damages at trial. (ECF 116 at 4). Plaintiff also acknowledges that the anticipated cost of trial is substantially more than the costs associated with agreeing to settle. (ECF 116 at 4).

    c. **Arm's Length Negotiation**

The parties represent that the settlement was a product of extensive negotiations, and

there is no evidence to the contrary. (ECF 116 at 4).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### e. Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision, and it has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The Court finds that, given the particular facts and potential damages in this case, the attorneys' fees award of **$2,266.57 is reasonable, and represents approximately 33% of the total award, $6,799.72**.[2] Although there is no proportionality requirement, attorneys' fees in FSLA settlements generally amount to a third of the settlement award. *See Fisher v. SD*

---

[2] **$8,500.00 (settlement amount) – $1,700.28 (costs) = $6,799.72 (total award).**

*Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorneys' fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3%"). Given these facts, the Court finds the attorneys' fee award to be reasonable.

### III. Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable. Plaintiff will receive **$4,533.15**. Plaintiffs' counsel will receive **$3,966.85** of the settlement amount, with **$2,266.57** allocated to attorneys' fees and **$1,700.28** allocated to costs. It is hereby **ORDERED** that this action is dismissed with prejudice.

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: July 18, 2023  
New York, New York

                                                *s/ Ona T. Wang*  
                                                **Ona T. Wang**  
                                                United States Magistrate Judge